IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSE VILLARREAL III, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:11-CV-602-Y |
| | § | |
| RICK THALER,  Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B. PARTIES

Petitioner Jose Villarreal III, TDCJ #1222436, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Amarillo, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

## C. FACTUAL AND PROCEDURAL HISTORY

On February 25, 2004, a jury found petitioner guilty of sexual assault in the 297th District Court of Tarrant County, Texas, and assessed his punishment at 50 years' confinement. (01 State Habeas R. at 255[1]) Petitioner appealed the conviction, but the Second District Court of Appeals of Texas affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused petitioner's petition for discretionary review on December 14, 2005. (*Id.* at 257-60) *Villarreal v. State*, PDR No. 1642-05. Petitioner did not seek writ of certiorari. (Pet. at 3)

Petitioner also sought state postconviction habeas relief. On November 10, 2006,[2] petitioner filed his first state habeas application, which was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court on January 12, 2011. (01 State Habeas R. at cover, 2) Petitioner filed a second state habeas application on March 17, 2008, which was dismissed by the Texas Court of Criminal Appeals for noncompliance with the court's form requirements also on January 12, 2011. (02 State Habeas R. at cover, 2) Petitioner filed a third state habeas application

---

[1]"01 State Habeas R." refers to the state court record in petitioner's state application no. WR-75,040-01; "02 State Habeas R." refers to the state court record in his state application no. WR-75,040-02; "03 State Habeas R." refers to the state court record in his state application no. WR-75,040-03.

[2]Petitioner urges that his state habeas application should be deemed filed on June 14, 2006, the date he dated and signed the petition under penalty of perjury. (Pet'r Resp. at 3; 01 State Habeas R. at 11-12) Historically, the prison mailbox rule did not apply to state habeas applications from inmates in Texas. *Howland v. Quarterman*, 507 F.3d 840, 843–44 (5th Cir. 2007). However, in 2010 the Texas Court of Criminal Appeals, like the United States Supreme Court and the Texas Supreme Court, adopted the prisoner mail box rule that a document is deemed filed at the time it is delivered to prison authorities for mailing in the prisoner context. *Campbell v. State*, 320 S.W.3d 338, 342-44 (Tex. Crim. App. 2010). The Fifth Circuit has not yet ruled on the issue in light of the Texas Court of Criminal Appeals's intervening decision in *Campbell*, and this court is bound by precedent. Furthermore, there is no indication when, or if, petitioner placed the application in the prison mailing system or whether the application was mailed or filed personally on his behalf by an unknown person. Thus, he is not given the benefit of the prison mailbox rule.

on August 17, 2011, which was dismissed by the Texas Court of Criminal Appeals as successive on

October 26, 2011. (Resp't Resp, App. A) Petitioner filed this federal habeas petition challenging

his 2004 conviction on August 26, 2011.[3] As directed, the parties have filed preliminary responses

and documentary exhibits addressing only the issue of limitations.

### D. STATUTE OF LIMITATIONS

Respondent asserts the petition is time-barred under 28 U.S.C. § 2244(d), which imposes a

one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. §

2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[3]Typically, a prisoner's federal petition is deemed filed on the date he places it in the prison mailing system for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). However, the "prison mailbox rule" is inapplicable to petitioner's petition because his mother personally filed the petition with the clerk of court. *See* Rule 3(d) of the Rules Governing § 2254 Proceedings (benefit of "mailbox rule" extends only to inmates who use a jail/prison's internal mailing system); *Cousin v. Lensing*, 310 F.3d 843, 847 and n.2 (5th Cir. 2002) (prisoners represented by attorney were not entitled to benefit of mailbox rule; other circuits have declined to apply the mailbox rule to prisoners who employ non-attorney intermediaries to file federal petitions).

>    (D)  the date on which the factual predicate of the claim or
> claims presented could have been discovered through the exercise of
> due diligence.
>
>    (2)  The time during which a properly filed application for State post-
> conviction or other collateral review with respect to the pertinent judgment or claim
> is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the trial court's judgment of conviction became final by the expiration of the time for seeking direct review.  For purposes of this provision, the judgment became final upon expiration of the time that petitioner had for filing a petition for writ of certiorari in the United States Supreme Court on March 14, 2006, triggering the one-year limitations period, which expired one year later on March 14, 2007. *See Id.* § 2244(d)(1)(A); *Gonzalez v. Thaler*, 623 F.3d 222, 224 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 2989 (2011); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13.1.  Thus, petitioner's federal petition was due on or before March 14, 2007, absent any tolling.

Petitioner's first state habeas application, pending from November 10, 2006, to January 12, 2011, tolled the limitations period under § 2244(d)(2) for 1,524 days, making his federal petition due on or before May 17, 2011. Petitioner's second state habeas application was not "properly filed" for purposes of § 2244(d)(2) and did not operate to toll the limitations period. *Artuz v. Bennett*, 531 U.S. 4, 10-11 (2000).  Nor did petitioner's third state application, filed on August 17, 2011, after the limitations had already expired, operate to toll the limitations period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).  Thus, the petition is untimely unless petitioner is entitled to additional tolling as a matter of equity.

4

Section § 2244(d)(2) is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). Under *Holland*, a habeas petitioner is entitled to equitable tolling only if he shows (1) he has diligently pursued his rights, and (2) that some extraordinary circumstance prevented him from timely filing. *Id.* Petitioner asserts his first state habeas application was filed on June 14, 2006, the date he dated and signed the application, and not November 10, 2006, and that the trial court clerk "repeatedly mis-stamps" documents, not by days or weeks but by months. (Pet'r Resp. at 4) Petitioner's first assertion is rejected, *see infra* note 2, and, contrary to his assertion, petitioner presents no evidence that the trial court clerk routinely "mis-stamps" prisoner filings, or, in particular, his first state habeas application, to warrant equitable tolling.

Petitioner's federal petition was due on or before May 17, 2011. His petition, filed on August 22, 2011, was filed beyond the limitations period and is untimely.

## II. RECOMMENDATION

Petitioner's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until January 2, 2012. In order to be specific, an objection must identify the

5

specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until January 2, 2012, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December ___12___, 2011.


JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

6